IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS            )
COMPANY L.P.,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )        Case No. 08-2047-JWL
                                 )
NUVOX COMMUNICATIONS, INC.,      )
                                 )
            Defendant.           )
                                 )
_____)

## MEMORANDUM AND ORDER

Plaintiff Sprint Communications Company L.P. (Sprint) claims that defendant NuVox Communications, Inc. (NuVox) has infringed six patents relating to telecommunications technology.  Among its counterclaims, NuVox seeks a declaration that three of the patents are unenforceable because of Sprint's inequitable conduct in failing to disclose certain information to the United States Patent and Trademark Office (PTO).  *See* Amended Counterclaims ¶¶ 8-18, at 10-11 (Doc. # 51).  The matter presently comes before the court on Sprint's motion to dismiss that counterclaim for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 62).  For the reasons set forth below, the court **grants** the motion and dismisses the counterclaim.

The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell*

*Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *Bell Atlantic*, 127 S. Ct. at 1965, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

In the counterclaim at issue, NuVox alleges as follows: In September 1995, Sprint filed a patent application with claims directed to an ATM network. The PTO allowed the patent to issue after Sprint argued, in April 1997, that its ATM invention was different from cited prior art. In 1999 and 2000, Sprint filed three patent applications as continuations to the original "parent" patent for which it applied in 1995. As originally filed, those continuation patents were not limited to an ATM network. Sprint then engaged in inequitable conduct, thereby rendering the three continuation patents unenforceable, when it failed to inform the PTO that "it was disavowing its prior arguments and seeking claims broader than had previously been allowed" by the PTO and that based on such disavowal "the prior art that was previously cited may need to be reconsidered" by the PTO. *See* Amended Counterclaims ¶¶ 8-18, at 10-11 (Doc. # 51).[1]

A claim of inequitable conduct based on a failure to disclose information requires findings that the applicant failed to disclose material information to the PTO and that it

---

[1]Although NuVox's Amended Answer and Counterclaims was filed under seal, the parties' briefs on the instant motion, in which they discuss these allegations, have not been filed under seal. For that reason, this order likewise has not been filed under seal.

2

intended thereby to deceive the PTO into granting the patent.  *See ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546 (Fed. Cir. 1998).  Sprint relies on the Federal Circuit's opinion in *ADT* in arguing that NuVox's inequitable conduct counterclaim is not viable.  In *ADT*, the defendant argued that the plaintiff, during the prosecution of its patent application, withheld citation to another patent.  *See id.* at 547.  In rejecting that claim, the court noted that the other patent had been cited in the prosecution of the applicant's parent patent and that, pursuant to section 609 of the PTO's Manual for Patent Examining Procedure (M.P.E.P.), such a reference need not by resubmitted in prosecuting the subsequent application.  *See id.* (quoting M.P.E.P. § 609 (6th ed. rev. 3 July 1997)).  Accordingly, the court held as follows:  "In view of § 609 it can not be inequitable conduct for an applicant not to resubmit, in the divisional application, the information that was cited or submitted in the parent application."  *Id.*

The court concludes that the Federal Circuit's holding in *ADT* mandates the dismissal of NuVox's counterclaim in this case.  NuVox alleges that Sprint should have highlighted differences between the parent and continuation patent applications for the PTO; thus, in essence, NuVox claims that Sprint should have disclosed information already available to the PTO in those applications.  NuVox further alleges that Sprint should have made that disclosure in order to alert the PTO that prior art contained considered in the parent application should be considered anew.  At the time Sprint submitted the continuation applications, however, the M.P.E.P. provided that, in ruling on such application, the patent examiner considers all information previously considered

3

concerning the parent application, and such information need not be resubmitted.  *See* M.P.E.P. § 609 (7th ed. July 1998); M.P.E.P. § 609 (7th ed. rev. 1 Feb. 2000).  The Federal Circuit has made clear that, in light of section 609 of the M.P.E.P., a party may not base an inequitable conduct claim on an applicant's failure to provide information already before the PTO in the parent application.  Accordingly, NuVox's claim must fail as a matter of law.

NuVox does not dispute the central holding of *ADT*.  Rather, NuVox attempts to distinguish *ADT* and subsequent district court cases by insisting that its claim does not allege a mere failure to resubmit prior art, but instead relies on Sprint's failure to state explicitly that the continuation applications are broader in scope than the parent application, and that Sprint must therefore be disavowing previous arguments based on a limitation in scope.  In support of its claim, NuVox relies solely on the following pronouncement from the Federal Circuit in *Hakim v. Cannon Avent Group, PLC*, 479 F.3d 1313 (Fed. Cir. 2007):

> Although a disclaimer made during prosecution can be rescinded, permitting recapture of the disclaimed scope, the prosecution history must be sufficiently clear to inform the examiner that the previous disclaimer, and the prior art that it was made to avoid, may need to be revisited.

*Id.* at 1318.  NuVox argues that Sprint has improperly attempted to rescind a prior disclaimer of the scope of the patents without making that rescission clear to the PTO, as required by the Federal Circuit in *Hakim*.

The court rejects NuVox's reliance on *Hakim* in this context.  *Hakim* did not

4

involve a claim of inequitable conduct based on a failure to disclose that the continuation application was broader in scope than the parent application. Rather, the Federal Circuit made this statement in the context of affirming a ruling in which the district court construed the claims in the continuation patent, held the applicant to an argument made in the prosecution of the parent patent application, and therefore rejected a broader scope asserted by the applicant. *See id.* at 1317-18. In the present case, the construction and validity of the continuation patents are not yet at issue, and NuVox's defenses and counterclaims relating to those issues are not affected by this ruling; thus, *Hakim* is not apposite here.

Moreover, M.P.E.P. § 609 is not limited merely to the PTO's consideration of prior art, but encompasses all information previously before the PTO in the prosecution of the parent application. NuVox's inequitable conduct counterclaim is based solely on an alleged failure to disclose information already available to and considered by the PTO in the parent and continuation applications. Accordingly, under section 609 and the Federal Circuit's application of that provision in *ADT*, the alleged non-disclosures cannot support a claim for inequitable conduct as a matter of law, and the court dismisses NuVox's counterclaim.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to dismiss (Doc. # 62) is **granted**, and the counterclaim set forth in paragraphs 8 through 18 of defendant's Amended Counterclaims is hereby dismissed.

IT IS SO ORDERED.


Dated this 12th day of January, 2009, in Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge